UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IVAN T. PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1951 FRB |
| ) | |
| ERICA MCDOWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ivan Page (registration no. 1079284), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $22.27. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $111.33, and an average monthly balance of $15.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.27, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $111.33, and an average monthly balance of $15.17. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.27, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged infringements of his constitutional rights.  Named as defendants are Erica McDowell (Therapist, Missouri Sexual Offender Program ("MoSOP")), Julie Motley (Director, MoSOP), Mariann Atwell (Director of Rehabilitative Services, Missouri Department of Corrections ("MoDOC")), Ellis McSwain (Chairman, Board of Probation and Parole), Al Luebbers (Warden, Farmington Correctional Center ("FCC")), Lynn Calcote, Tom Villmer (Warden, FCC), Lindell Edmonds, and Elaine Dix.

Plaintiff alleges that while he was participating in Phase II of MoSOP defendant McDowell, who was his therapist, told the other inmates in group therapy that plaintiff had previously been a correctional officers with MoDOC and the St. Louis Department of Corrections.  Plaintiff avers that McDowell was in an "intimate

relationship" with one of the other inmates in the group and that she allowed this inmate to exert control over the meetings. Plaintiff asserts that he was subject to animosity and harassment by the other group members because of his former employment.  Such harassment allegedly included plaintiff being directed to rewrite essays or redo other therapeutic activities.  Plaintiff alleges that McDowell issued a false conduct violation to him after he left group therapy without receiving permission.   Plaintiff says he merely needed to use the restroom and that he had previously been allowed to do so without first seeking permission.  According to plaintiff, however, McDowell issued him the conduct violation stating that he had stormed out of the room and appeared to be angry.

Subsequently, defendant Motley held a conduct violation hearing on the matter. Plaintiff says that Motley decided he should be expelled from MoSOP based on the conduct violation.  Plaintiff argues that the violation was a minor one and did not warrant expulsion from the program under MoDOC policy.  Additionally, plaintiff, who is African-American, claims that four Caucasian inmates who were found to have committed serious violations were not expelled from the program. Plaintiff says that he was discriminated against because of his race.

Plaintiff says that defendant McSwain, as the Chairman of the Board of Probation and Parole, should have ensured that offenders like himself received fair disciplinary hearings.

Plaintiff claims that defendants Edmonds and Dix are responsible for placing offenders at FCC into Phase II of MoSOP.  Plaintiff argues that these defendants should have been aware that MoDOC policy was violated when he was not returned to MoSOP.

Plaintiff asserts that defendants Atwell, Luebbers, Calcote, and Villmer were in supervisory positions and should have prevented McDowell and Motley from violating his rights.

## Discussion

The complaint survives initial review as to defendant Julie Motley.  As a result, the Court will order the Clerk to serve process on Motley.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Plaintiff's allegations against McDowell fail to state claim under § 1983 because the alleged acts plaintiff complains of do not rise to the level

of a constitutional violation.  As a result, the Court will dismiss McDowell from the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendants Edmonds, Dix, McSwain, Atwell, Luebbers, Calcote, or Villmer were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $22.27 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Motley.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Motley shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants McDowell, Atwell, Luebbers, Calcote, Villmer, Edmonds, Dix, or McSwain because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of January, 2012.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                   UNITED STATES DISTRICT JUDGE