UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IVAN T. PAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11CV1951 FRB |
| | ) |
| JULIE MOTLEY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is plaintiff Ivan T. Page's Motion For Summary Judgment. (Docket No. 34). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

Plaintiff Ivan T. Page ("plaintiff") brought the instant action pursuant to 42 U.S.C. § 1983 alleging that his constitutionally protected rights were violated by various actions of defendant Julie Motley (also "defendant").[1]

Plaintiff is a convicted sex offender whose participation in the Missouri Sexual Offenders Program ("MoSOP")[2] was terminated

---

[1]Plaintiff's original and Amended Complaint alleged claims against defendants other than Julie Motley. However, after conducting initial review, the Court dismissed plaintiff's claims against all defendants with the exception of Ms. Motley.

[2]Missouri law requires convicted sex offenders to complete MoSOP, a rehabilitative treatment program, before they may be

following a Treatment Team meeting[3] held on September 22, 2009 and attended by defendant. Defendant is the Director of MoSOP. She is employed by a company that contracts with the State of Missouri to provide health care services. (Affidavit Of Julie Motley, Docket No. 40, Attachment 1, page 1). In his Amended Complaint and in the instant Motion, plaintiff argues that defendant violated his due process and equal protection rights inasmuch as she took various actions that resulted in his wrongful termination from MoSOP and subsequent ineligibility for parole. In the instant Motion For Summary Judgment, plaintiff also appears to raise allegations of retaliation, and allegations sounding in the ex post facto clause of the Constitution and the Americans With Disabilities Act, 42 U.S.C. §§ 12131 et seq. (also "ADA"). Defendant has responded to the instant motion, and has submitted her affidavit setting forth the events leading up to plaintiff's termination from MoSOP, and exhibits detailing communications between plaintiff's therapists and the Treatment Team regarding plaintiff's behavior and lack of progress while in MoSOP.

---

considered for conditional release. R.S.Mo. § 589.040.2; see also State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 522 & n. 2 (Mo. Ct. App. 2001).

[3]The Treatment Team is "normally comprised of a caseworker and a Missouri sex offender program therapist." (Missouri Department of Corrections Department Manual, Docket No. 40, Attachment 5, page 2). A Treatment Team meeting is a clinical review of an inmate's progress in MoSOP. (Affidavit of Julie Motley, Docket No. 40, Attachment 1, page 2).

## II. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact, and his entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations in her pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

    A.   Due Process

Plaintiff argues that various actions of defendant violated his right to procedural due process, inasmuch as defendant arbitrarily terminated him from MoSOP, failed to give him notice of a treatment team meeting, wrongfully participated in both the Treatment Team meeting and the decision to terminate him from MoSOP, and terminated him from MoSOP on the basis of a single incident. Plaintiff also complains that he was denied substantive due process inasmuch as defendant did not give him a second chance to complete MoSOP. However, none of plaintiff's allegations of due process violations entitle him to judgment as a matter of law.

Due process requirements apply only to the deprivation of interests encompassed by the 14th Amendment's protection of property or liberty. Board of Regents Of State Colleges v. Roth, 408 U.S. 564, 569 (1972). Neither such interest exists here. Plaintiff does not possess a liberty interest in the possibility of parole or in his conditional release date because "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7

(1979); see also Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005) ("[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole ..."). Nor does plaintiff have a liberty interest in participation in MoSOP. "A state created liberty interest arises in situation in which [sic] the state has placed substantive limitations on the exercise of official discretion." Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993) (internal citations omitted). While Missouri law requires certain inmates to complete MoSOP before being eligible for conditional release, the law does not place the requisite substantive limitations on the exercise of official discretion. Id. Missouri law therefore "does not grant inmates a liberty interest in participating in MoSOP at any particular time relevant to their presumptive parole dates." Id.; see also Patterson v. Webster, 760 F.Supp. 150, 153 (E.D. Mo. 1991) ("Because plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP"). The undersigned therefore determines that plaintiff has failed to demonstrate entitlement to judgment as a matter of law.

Even if plaintiff could demonstrate a protected liberty interest, his due process claims would fail. While plaintiff claims, citing no evidentiary support, that he was referred for a disciplinary classification hearing, as defendant avers in her affidavit, plaintiff was actually referred for a Treatment Team meeting. Plaintiff contends that defendant violated his due

process rights by attending the Treatment Team meeting and participating in the decision to terminate him from MoSOP. Plaintiff claims that defendant exerted a "command influence" at the meeting and otherwise deprived him of a fair hearing, and wrongfully and arbitrarily terminated him based upon a single incident. Plaintiff submits no evidence to support these allegations, and they are conclusory at best. In response, defendant submitted her affidavit in which she averred that there existed no policy precluding her attendance at the Treatment Team meeting. As defendant asserts, her position as Director of MoSOP required her to review all terminations from MoSOP, and there is no evidence to suggest that she could not fulfill this obligation by attending plaintiff's treatment team meeting. Furthermore, defendant avers that the ultimate decision regarding termination was made by the team as a whole on the basis of plaintiff's persistent failure to progress despite many weeks of participation in MoSOP. Plaintiff's allegations that he was arbitrarily terminated based upon a single incident are also belied by the progress notes he himself submitted with the instant motion, which document his history of a negative attitude and poor progress while in MoSOP. As defendant's affidavit demonstrates, she and the members of the Treatment Team considered documentation of many instances of plaintiff's negative attitude, poor behavior and failure to progress, and concluded in their clinical judgment that plaintiff should be terminated from MoSOP. The determination of

whether plaintiff was making adequate progress in MoSOP was not made independently by defendant, it was made by a team comprised of qualified health care professionals. A difference of opinion between plaintiff and his mental health care providers is insufficient to state a claim under 42 U.S.C. § 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991). Plaintiff also contends, without evidentiary support, that he was not given notice of the Treatment Team meeting within 24 hours as required by Missouri Department of Corrections policy. However, as defendant avers in her affidavit, plaintiff was given the required notice September 18, 2009, four days in advance of the meeting.

Plaintiff also argues that defendant wrongfully denied him a second chance in MoSOP. As stated above, plaintiff did not have a liberty interest in participation in MoSOP at any particular time relevant to his conditional release date. Jones v. Moore, 996 F.2d at 945. Even if plaintiff did have such an interest, his claim would fail. To prevail, he would need to demonstrate that defendant's conduct was conscience-shocking and that she violated one or more fundamental rights. Moran v. Clark, 296 F.3d 638 (8th Cir. 2002). As defendant avers in her affidavit, she was not in charge of placing offenders into MoSOP for a second opportunity to successfully complete the program. Even if she were, Missouri Department of Corrections policy does not mandate that offenders be given a second chance to complete MoSOP; it provides only that offenders may be given a second opportunity as time and resources

allow.

B.  Equal Protection

In the instant Motion, plaintiff claims that defendant took action that deprived him of equal protection. The equal protection clause requires that a state's laws treat similarly those similarly situated. U.S. Constitution, Amendment XIV. In support of his claim, plaintiff states, without any evidentiary support, that other individuals of a race different from plaintiff were also referred to the Treatment Team and were not terminated from MoSOP. Plaintiff states that those individuals had not demonstrated progress in MoSOP superior to plaintiff's, and race was therefore the reason he was terminated and they were not. In response, defendant avers in her affidavit that the decision of whether to terminate an individual from participation in MoSOP is based upon the individual's progress in MoSOP, not the individual's race. Defendant also avers that the progress of individuals referred to the Treatment Team is evaluated by qualified mental health professionals, and that decisions are made based upon what is best for the offender, the other participants in therapy, and the citizens of the state of Missouri. Plaintiff's assertion that his progress was commiserate with that of the other individuals has no evidentiary support and is merely conclusory. In addition, the fact that plaintiff disagreed with the mental health care providers regarding whether he or others should have been terminated from MoSOP does not state a claim under 42 U.S.C. § 1983. Warren, 950

F.2d at 1373.

    C.    <u>Ex Post Facto Clause</u>

Also in the instant Motion, plaintiff claims that his mandated participation in MoSOP and denial of conditional release violates the Constitution's ex post facto clause. "An ex post facto law is one which reaches back in time to punish acts which occurred before enactment of the law." <u>Peeler v. Heckler</u>, 781 F.2d 649, 651 (8th Cir. 1986). "A penal statute may also be an ex post facto enactment if it adds a new punishment to the one that was in effect when the crime was committed." <u>Id.</u>

Plaintiff argues that he should have been granted his conditional release date of August 23, 2011, because R.S.Mo. § 589.040.2 was not effective until November 14, 2011. However, as defendant correctly notes in response, at all times relevant to plaintiff's case, R.S.Mo. § 589.040.2 required successful completion of MoSOP before an inmate may be considered for early release. Furthermore, MOSOP is a rehabilitative program. It is not penal in nature. It adds no further sentence to that which has already been imposed upon the sex offender. Plaintiff appears to confuse his potential release date with the date of the completion of his imposed sentence. Plaintiff's failure to complete MoSOP did not extend his actual sentence; it only affected his conditional release date. The ex post facto clause is therefore not implicated.

D. <u>Retaliation</u>

In the instant Motion, plaintiff also claims that the Warden of Farmington Correctional Center and/or defendant retaliated against him by having him transferred to Bowling Green Correctional Center. The Warden of the Farmington Correctional Center is not a defendant in this case. In addition, as defendant avers in her affidavit, she is not an employee of the State of Missouri or the Department of Corrections; she is employed by a company that has a contract with the state to provide mental health services. Defendant does not participate in the decisions made by the Missouri Department of Corrections to transfer any inmate, including plaintiff, from one institution to another.

E. <u>ADA</u>

In the instant Motion, while plaintiff does not raise a specific claim under the ADA, he does note that he suffers from migraine headaches, and he submitted as an exhibit to the instant motion the ADA's definition of a disabled person. However, plaintiff does not suggest or offer evidence that migraine headaches played any part in his failure to progress in MoSOP or his subsequent termination therefrom. In addition, even if plaintiff's Amended Complaint or the instant motion could be read to so suggest, defendant is not a public entity to whom the ADA applies. <u>See</u> 42 U.S.C. 12131.

For all of the foregoing reasons, it cannot be said that plaintiff has established his right to judgment with such clarity

as to leave room for no controversy, and that defendant is not entitled to prevail under any discernible circumstances. <u>Vette Co.</u>, 612 F.2d at 1077. Plaintiff's Motion For Summary Judgment should therefore be denied.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's Motion For Summary Judgment (Docket No. 34) is denied.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2013.