```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


IVAN T. PAGE,                       )
                                    )
            Plaintiff,              )
                                    )
      v.                            )    Case No. 4:11CV1951 FRB
                                    )
JULIE MOTLEY,                       )
                                    )
            Defendant.              )
```

## MEMORANDUM AND ORDER

Presently before the Court is Defendant Julie Motley's Motion For Summary Judgment (Docket No. 41). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

Plaintiff Ivan T. Page ("plaintiff") brought the instant action pursuant to 42 U.S.C. § 1983 alleging that his constitutionally protected rights were violated by various actions of defendant Julie Motley (also "defendant").[1]

Plaintiff is a convicted sex offender whose participation in the Missouri Sexual Offenders Program ("MoSOP")[2] was terminated

---

[1]Plaintiff's original and Amended Complaint alleged claims against defendants other than Julie Motley. However, after conducting initial review, the Court dismissed plaintiff's claims against all defendants with the exception of Ms. Motley.

[2]Missouri law requires convicted sex offenders to complete MoSOP, a rehabilitative treatment program, before they may be considered for conditional release. R.S.Mo. § 589.040.2; see also State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 522 & n. 2

- 1 -

following a Treatment Team meeting[3] held on September 22, 2009 and attended by defendant.  Defendant is the Director of MoSOP.  She is employed by a company that contracts with the State of Missouri to provide health care services.  (Affidavit Of Julie Motley, Docket No. 40, Attachment 1, page 1).  In his Amended Complaint, plaintiff complains that defendant violated his due process and equal protection rights inasmuch as she took various actions that resulted in his wrongful termination from MoSOP and subsequent ineligibility for parole.

## II.  Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the court is required to view the facts in the

---

(Mo. Ct. App. 2001).

[3]The Treatment Team is "normally comprised of a caseworker and a Missouri sex offender program therapist." (Missouri Department of Corrections Department Manual, Docket No. 42, Attachment 5, page 2).

light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact, and her entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations in his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

In her Motion For Summary Judgment, Ms. Motley contends that there are no material questions of fact and that she is entitled to judgment as a matter of law on plaintiff's claims. In her Statement of Uncontroverted Material Facts, defendant states as follows. While participating in MoSOP, plaintiff was referred by his therapist for a Treatment Team meeting. A Treatment Team meeting is not a disciplinary hearing (as plaintiff suggests) but is instead a clinical review of the prisoner's progress in MoSOP.

On September 18, 2009, plaintiff was given notice of the Treatment Team meeting, which was subsequently held on September 22, 2009. The Treatment Team noted plaintiff's persistent failure to demonstrate progress in MoSOP, as demonstrated by the following evidence: (1) six weekly progress reports between May 22, 2009 and August 21, 2009 showed his progress to be fair or poor; (2) on May 22, 2009, his participation level was noted to be mixed appropriate/inappropriate; (3) On May 29, 2009, it was noted that plaintiff's progress was only fair; (4) On June 5, 2009, it was noted that plaintiff did not bring any personal issues to the group for discussion; (5) on July 10, 2009, it was noted that plaintiff avoided discussions and questioned the process and that his participation was mixed appropriate/inappropriate; (6) On July 17, 2009, plaintiff was not endorsed for full membership by the treatment group; (7) on August 7, 2009, plaintiff's participation was noted to be active and inappropriate, he was noted to be very resistant to feedback, and he was accused of attempting to rally some African-American men to organize for protection; (8) on August 14, 2009, plaintiff's participation was active and inappropriate, his progress was poor, he was unanimously rejected by the treatment group for full membership, and he failed to take responsibility for his actions; (9) on July 10, 2009, plaintiff's participation was mixed appropriate/inappropriate; (10) clinical progress notes from August 24 to September 26, 2009 showed a pattern of plaintiff being sarcastic to others, showing a lack of respect, and of failing to be receptive to feedback; (11) while plaintiff passed the class

"Criminal Thinking and Substance Abuse," his concept understanding, concept application, and homework were all poor; (12) an August 27, 2009 Quarterly Treatment Plan Report noted that the goals of identifying internal and external triggers of sex offense, and determination of degree and level of sexual interest in/attraction to children were only partially met.  After a thorough review of plaintiff's progress, or lack thereof, in MoSOP, the Treatment Team as a whole decided to terminate plaintiff from MoSOP. (Defendant Julie Motley's Statement Of Uncontroverted Material Facts In Support Of Defendant's Motion For Summary Judgment, Docket No. 42, Attachment 13 (hereafter "Defendant's Statement of Uncontroverted Material Facts") at pages 2-4).

    A.   <u>Due Process</u>

In his Amended Complaint, plaintiff contends that various actions of defendant violated his right to procedural and substantive due process, inasmuch as defendant arbitrarily terminated him from MoSOP, failed to give him notice of a Treatment Team meeting, wrongfully participated in both the Treatment Team meeting and the decision to terminate him from MoSOP, wrongfully terminated him from MoSOP on the basis of a single incident, and failed to give him a second chance to complete MoSOP.  Defendant has adequately established her right to judgment as a matter of law on these claims.

Due process requirements apply only to the deprivation of interests encompassed by the 14th Amendment's protection of property or liberty.  <u>Board of Regents Of State Colleges v. Roth</u>,

- 5 -

408 U.S. 564, 569 (1972). Neither interest exists here. Plaintiff does not possess a liberty interest in the possibility of parole or in his conditional release date because "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005) ("[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole ..."). Nor does plaintiff have a liberty interest in participation in MoSOP. "A state created liberty interest arises in situation in which [sic] the state has placed substantive limitations on the exercise of official discretion." Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993) (internal citations omitted). While Missouri law requires certain inmates to complete MoSOP before becoming eligible for conditional release, the law does not place the requisite substantive limitations on the exercise of discretion. Id. Missouri law therefore "does not grant inmates a liberty interest in participating in MoSOP at any particular time relevant to their presumptive parole dates." Id.; see also Patterson v. Webster, 760 F.Supp. 150, 153 (E.D. Mo. 1991) ("Because plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MOSOP"). Therefore, as a matter of law, defendant is entitled to summary judgment on plaintiff's claims of procedural and substantive due process violations.

Even if plaintiff did have a protected liberty interest, his claims would fail. In support of the instant motion, defendant submitted, inter alia, her affidavit and her statement of uncontroverted material facts. While defendant did submit a Memorandum of Law purportedly in response to the instant Motion, plaintiff did not set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e). While plaintiff claims that he was subjected to a disciplinary classification hearing, the uncontroverted material facts show that plaintiff was actually referred for a Treatment Team meeting. While plaintiff claims that he was not given 24 hour notice of the proceeding, the uncontroverted material facts show that plaintiff was given notice on September 18, 2009, four days in advance of the meeting. While defendant claims that defendant wrongfully participated in the Treatment Team meeting, exerted undue influence, arbitrarily terminated him from MoSOP based upon a single incident, and otherwise deprived him of a fair hearing, the uncontroverted material facts show otherwise. The uncontroverted material facts show that there was no policy precluding defendant's attendance at the Treatment Team meeting. As Director of MoSOP, defendant was required to review MoSOP terminations, and there is no evidence to suggest that defendant could not fulfill this obligation by attending plaintiff's Treatment Team meeting. The uncontroverted

material facts also show that the decision to terminate plaintiff from MoSOP was made not by defendant alone, but by the Treatment Team as a whole.  The uncontroverted material facts show that the Treatment Team's decision was, as set forth above, based upon numerous documented instances of plaintiff's failure to show progress and his demonstration of poor attitude during the weeks he participated in MoSOP, not upon a single incident as plaintiff would have the Court believe.  A difference of opinion between plaintiff and his mental health care providers is insufficient to state a claim under 42 U.S.C. § 1983.  Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991).

Plaintiff also argues that defendant wrongfully denied him a second chance to complete MoSOP.  As set forth above, plaintiff did not have a liberty interest in participation in MoSOP at any particular time relevant to his conditional release date.  Jones v. Moore, 996 F.2d at 945.  Even if plaintiff did have such an interest, his claim would fail.  As defendant avers in her affidavit, placements in MoSOP for a second chance are made by a MoSOP case worker, not defendant, and defendant is not even involved in that process.  Even if she were, Missouri Department of Corrections policy does not mandate that offenders be given a second chance to complete MoSOP; it provides only that offenders may be given a second opportunity as time and resources allow.  On plaintiff's claims of due process violations, defendant has established her right to judgment as a matter of law, and plaintiff

- 8 -

has failed to come forth with an affidavit or other admissible and probative evidence demonstrating that there remains a genuine issue for trial. See Anderson, 477 U.S. at 256 (once the moving party has met its burden, the nonmoving party may not rest on the allegations in its pleadings, but must set forth, by affidavit or other admissible and probative evidence, specific facts showing the existence of a genuine issue of material fact).

B.  Equal Protection

Plaintiff next contends that defendant took action that deprived him of equal protection. The equal protection clause requires that a state's laws treat similarly those similarly situated. U.S. Constitution, Amendment XIV. In support of his equal protection claim, plaintiff states, without any evidentiary support, that other individuals of a race different from plaintiff were also referred to the Treatment Team and were not terminated from MoSOP. Plaintiff states that those individuals had not demonstrated progress in MoSOP superior to plaintiff's, and that race was therefore the reason he was terminated and they were not. In the instant Motion, defendant avers in her affidavit and in her Statement Of Uncontroverted Material Facts that the decision of whether to terminate an individual from participation in MoSOP is based only upon the individual's behavior and progress in MoSOP, not the individual's race. Defendant also avers that the progress of individuals referred to the Treatment Team is evaluated by qualified mental health professionals, and that decisions are made

- 9 -

based upon what is best for the offender, the other people participating in therapy, and the citizens of the state of Missouri. Plaintiff's assertion that his progress was commiserate with that of the other individuals has no evidentiary support and is merely conclusory. In addition, the fact that plaintiff disagreed with the mental health care providers regarding his own progress or the progress of others in therapy and/or whether he or others should have been terminated from MoSOP does not state a claim under 42 U.S.C. § 1983. Warren, 950 F.2d at 1373.

  Having viewed all of the evidence in plaintiff's favor and having given plaintiff the benefit of all reasonable inferences, the undersigned concludes that defendant has established entitlement to judgment as a matter of law, and that plaintiff has failed to come forth with an affidavit or other admissible and probative evidence demonstrating that there remains a genuine issue for trial. See Anderson, 477 U.S. at 256 (once the moving party has met its burden, the nonmoving party may not rest on the allegations in its pleadings, but must set forth, by affidavit or other admissible and probative evidence, specific facts showing the existence of a genuine issue of material fact). Defendant's motion for summary judgment should therefore be granted.

Therefore,

**IT IS HEREBY ORDERED** that Defendant Julie Motley's Motion For Summary Judgment (Docket No. 41) is granted.

**IT IS FURTHER ORDERED** that judgment is entered in favor of defendant Julie Motley and against plaintiff Ivan T. Page.

An appropriate Judgment shall accompany this Memorandum and Order.

*/s/ Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of March, 2013.